[Crim. No. 8845. Fourth Dist., Div. One. Jan. 5, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL GUEVARA, JR., Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, Andrew Freeman and Paul Bell, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Rudolf Corona, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STANIFORTH, Acting P. J.**—Defendant Manuel Guevara, Jr., was charged with one count of escape (Pen. Code, § 4532, subd. (b)),[1] five counts of kidnaping (§ 207), two counts of burglary (§ 459), one count of robbery (§ 211) and two counts of unlawful taking of a motor vehicle (Veh. Code, § 10851). Guevara was also charged with seven allegations of enhancement under section 12022, subdivision (b), seven allegations of enhancement under section 12022.5, one allegation of enhancement under section 12022, subdivision (a), and one allegation of a prior prison term within the meaning of section 667.5, subdivision (a). As result of a plea bargain, Guevara pled guilty to unlawful (simple) escape (§ 4532, subd. (b)) (count one) and kidnap (§ 207) (count three), and he admitted a "prior prison term," a one-year enhancement (§ 667.5, subd. (a)) of the prison term for his kidnap offense. In exchange for Guevara's pleas and the admission, all other counts and allegations were dismissed.

Guevara appeals contending the sentence violated section 654; the court should not have imposed a subordinate term, consecutive to the kidnap sentence, for the crime of escape. Secondly, Guevara charges error, a violation of the plea bargain, when the sentencing court applied certain of the aggravating circumstances listed in rule 421, California Rules of Court, in imposing the maximum—a five-year term for the crime of kidnap. Guevara does not quarrel with the enhancement imposed by reason of his prior prison term.

---

[1]All references are to the Penal Code unless otherwise specified.

## FACTS

Guevara was an inmate at the Department of Corrections facility, Rainbow Conservation Camp, San Diego County, serving the term for a 1976 armed robbery conviction. On the late afternoon of September 1, 1977, Guevara left the camp without authority, broke into a camper truck belonging to a nearby resident, Mrs. Mehan, and appropriated a shotgun found in the truck. He then confronted Mrs. Mehan and her six-year-old son Mark and at shot gunpoint compelled them to get into the Mehan car. Mrs. Mehan recognized the shotgun as her own and told Guevara "It's no good. I don't have any shells." Guevara replied he had obtained shells. Guevara compelled Mrs. Mehan, accompanied by the child, to drive him approximately a quarter of a mile. He then ordered her to stop, seized her by the hair and pulled her to the passenger side of the front seat. As Guevara walked around the car to get in the driver's seat, Mrs. Mehan slid back into the driver's seat and sped off, thereby escaping Guevara. She forthwith reported these events to the camp authorities.

At about 6:45 p.m. that same evening, Guevara confronted Mrs. Jensen at her home and asked her for money and to take him to Los Angeles. Mrs. Jensen refused Guevara admission to her house, whereupon he pointed the shotgun at her, ordered her with her two children, aged nine and eleven, into her family car and forced her to drive him to Los Angeles. Guevara told Mrs. Jensen he was going to see his wife and children in Burbank, California. Once in Los Angeles, Guevara instructed Mrs. Jensen to stop the car and he departed, taking the stolen shotgun with him. Guevara did not harm Mrs. Jensen or the children in the course of the kidnaping. The police found Guevara hiding in the attic of his wife's home the following morning.

The sentencing court heard motions to mitigate and to aggravate and imposed the maximum term for the kidnaping offense, five years, added a consecutive subordinate term of eight months for the escape offense and enhanced the kidnap sentence by one year based upon section 667.5, subdivision (b).

## DISCUSSION

Guevara's specific contention is that the trial court violated section 654 in imposing the additional term of eight months based upon his conviction of escape after it had imposed an upper base term of five years upon his kidnap conviction. He correctly asserts section 654 prohibits

multiple punishment where multiple criminal violations arise out of a single indivisible course of conduct.[2] (*People* v. *Miller,* 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552]; *People* v. *Beamon,* 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905].)

■ This general principle is inapplicable here for these reasons: Guevara argues the kidnap and escape offenses were part of a single indivisible course of conduct which began when Guevara left the conservation camp seeking to return to his family and ended when he had accomplished that objective; this contention is not factually true. The offenses here committed and pled to by Guevara are wholly divisible. They are not merely incident each of the other. These offenses are separated in time, separated as to victims, separated as to elements. Guevara's offense of simple escape was completed when he unlawfully departed the limits of the Rainbow facility with the intention of escaping. (*People* v. *Temple,* 203 Cal.App.2d 654, 658, 659 [21 Cal.Rptr. 633].) Guevara concedes the escape was technically complete at this point.

This court in *People* v. *Bailey,* 38 Cal.App.3d 693 [113 Cal.Rptr. 514], expressly held in this precise factual situation that section 654 is not applicable. Said this court: "However, the reduction of Bailey's escape conviction to simple escape solves any problem of double punishment. Thus viewed, the escape was perfected before either the kidnaping or robbery began." (*Id.,* at p. 701.)

■ We conclude a course of conduct, divisible in time, although directed to one objective, may give rise to multiple violations and punishment. (*People* v. *Beamon, supra,* 8 Cal.3d 625, 639, fn. 11.)

Secondly, Guevara's crimes were committed against different victims. The crime of escape is an offense against the state in its exercise of its lawful authority to punish a person for a crime committed. The victim is the People of the State of California as a whole. The crime of kidnap was directed against an individual, the victim, six-year-old Mark.

Thirdly, kidnap is a crime of violence. Numerous cases uphold multiple punishments for a *single* criminal transaction where crimes of violence are committed against different persons. (*In re Ford,* 66 Cal.2d

[2]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

183 [57 Cal.Rptr. 129, 424 P.2d 681]; *In re Wright,* 65 Cal.2d 650, 656 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *Johnson,* 38 Cal.App.3d 1, 9 [112 Cal.Rptr. 834].)

■ While the crime of simple escape is not a crime of violence, yet the same rationale that authorizes separate punishment for separate crimes of violence upholds the multiple sentence where a nonviolent offense is committed, completed and followed by a violent offense against a different victim. In *People* v. *Quinn,* 61 Cal.2d 551, 556 [39 Cal.Rptr. 393, 393 P.2d 705], the Supreme Court said: "The theft of the automobile was a separate crime completed before the robbery was committed; if defendant is convicted thereof . . . *he may also be sentenced for that theft.*" (Italics added.)

The Supreme Court has construed section 654 to be applicable to limit punishment for multiple convictions arising out of either an act or omission or a course of conduct deemed to be indivisible in time, in those instances wherein the accused entertained a principal objective to which other objectives, if any, were merely incidental. The point of departure in any section 654 inquiry is to ascertain the defendant's objective and intent. (*People* v. *Bauer,* 1 Cal.3d 368, 376 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398].) ■ If he entertained multiple *criminal* objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct. (*People* v. *Beamon, supra,* 8 Cal.3d 625, 639.)

■ In applying the foregoing principles to the instant case we observed that only in a broad philosophical sense can Guevara's multiple criminal acts be said to be directed toward his announced single principal objective—to visit his wife. To trigger the proscription against double punishment, the offenses must be incident to an unlawful overall objective. Section 654 applies "where there is a 'course of conduct' which violates more than one statute and comprises an indivisible transaction punishable under more than one statute . . . ." (*People* v. *McFarland,* 58 Cal.2d 748, 760 [26 Cal.Rptr. 473, 376 P.2d 449]; *Neal* v. *State of California,* 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *Brown,* 49 Cal.2d 577, 590, 594 [320 P.2d 5].)

Here, Guevara entertained multiple criminal objectives and committed multiple separate and distinct criminal acts. His crimes were not "merely

incidental" to an overall principal illegal objective. The proscriptions of section 654 do not apply to Guevara's crime spree.

 Guevara next contends that the trial court improperly considered rules 421(a)(2), (4) and (12), California Rules of Court, as factors in aggravation in setting the higher term of five years for the kidnap offense. He makes no complaint that the sentencing judge considered facts "relating to the defendant" rather than only "facts relating to the crime" of which the defendant was convicted.[3] Specifically, Guevara contends the consideration by the court of rule 421(a)(2) (he was armed with a weapon at the time of the commission of the crime) constituted a violation of the plea bargain because by the terms of the plea bargain, the prosecutor agreed specifically to drop the enhancement allegations concerning the use and possession of a firearm or deadly weapon.

Section 1170, subdivision (b),[4] expressly authorizes the sentencing court to examine into the circumstances in aggravation or mitigation of "the crime." Moreover, the legislation permits the court to consider the "record in the case," "the probation officer's report" and "other reports" including the reports received pursuant to section 1203.03.

The multiple weapons allegations—possession and use—were charged as enhancements but dismissed as part of the plea bargain. However, under rule 421(a)(2), weapons use or possession, *"whether or not charged or chargeable as enhancements"* may be considered by the judge as an aggravating factor. (Italics added.) Logically a dismissed weapons charge should stand in no different posture than noncharged weapons use or

---

[3]People v. Cheatham, Crim. No. 20651* and People v. Schmidt and Grover, Crim. No. 20652, now pending before the Supreme Court, present the question of whether under California Rules of Court and Penal Code section 1170, subdivision (b), the sentencing judge may consider facts in aggravation "relating to the defendant" or is to be limited to "facts related to the crime."

This statutory construction problem and the constitutional separation of power question are not raised by this appeal and therefore are not addressed by this court.

[4]Section 1170, subdivision (b), provides in pertinent part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime. . . . In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report, other reports including reports received pursuant to Section 1203.03 and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term."

*Reporter's Note: This case is now published at 23 Cal.3d 829 [153 Cal.Rptr. 585, 591 P.2d 1237].

possession. There is nothing in the record to indicate the plea bargain required the judge to ignore the facts relating to the dismissed multiple weapons allegations.

Moreover, the "circumstances" the sentencing judge may look to in aggravation or in mitigation of the crime include "attendant facts," "the surroundings at the commission of an act." (Black's Law Dict. (4th ed.) p. 308.) "Circumstances" include "practically everything which has a legitimate bearing" on the matter in issue. (*Lamborn* v. *Lamborn,* 80 Cal.App. 494, 499 [251 P. 943]; *Vogel* v. *Vogel,* 182 Cal.App.2d 628 [6 Cal.Rptr. 402]; *Salter* v. *State,* 163 Ga. 80 [135 S.E. 408, 409].)

We conclude "circumstances" here would include those facts, matters occurring, acts committed or omitted in the commission of the kidnaping of Mark. The circumstances would not be limited solely to the act of kidnap itself. The victim in count three was the six-year-old Mark. The shotgun was in the possession of, used by Guevara in compelling Mark and his mother to enter the car at the commencement of the kidnaping. To say the possession and use of the shotgun was not one of the circumstances of the kidnap of Mark is to place blinders on a sentencing judge the Legislature did not expressly or impliedly intend. The plea bargain was not violated by the court's examination and use of the circumstances of the crime in the manner here evidenced.

Guevara further contends the court's application of rule 421 (a)(4) (the crime involved multiple victims) was improper since the particular count to which Guevara pled charged a kidnap of but one victim. The same statutory language, the same reasoning authorizing the sentencing judge to consider that Guevara was armed with a shotgun when he abducted Mark, justifies examination of the further circumstance of multiple victims. Mrs. Mehan was abducted along with Mark. No amount of sophistry will make this fact anything but a "circumstance"—an aggravating "circumstance" of the kidnaping of Mark. It has long been the law that the sentencing court must consider all of the attendant circumstances of the crime of which the defendant has been convicted. (See *People* v. *Chi Ko Wong,* 18 Cal.3d 698, 724, 725 [135 Cal.Rptr. 392, 557 P.2d 976]; *People* v. *Edwards,* 18 Cal.3d 796, 800-807 [135 Cal.Rptr. 411, 557 P.2d 995].) Section 1170, subdivision (b), and the Rules of Court promulgated thereunder have not, cannot, restrict or impair this essentially judicial function of the sentencing court. (Cal. Const., art. VI, § 1, and art. III.)

We are not here confronted with use of an essential element of an offense for a second, an improper, purpose such as an enhancement of that underlying offense. Rather the plea bargain here prohibits the court from imposing any sentence or any enhancement of sentence based upon those dismissed counts and enhancement allegations. The plea bargain does not, expressly or by implication, preclude the sentencing court from reviewing all the circumstances relating to Guevara's *admitted* offenses to the legislatively mandated end that a term, lower, middle or upper, be imposed on Guevara commensurate with the gravity of his crime. Guevara's contention, if followed, would prevent the judge's imposition of a sentence in accord with the statutory and judicially declared guidelines.

Guevara lastly contends the sentencing court improperly used rule 421(a)(12) (the defendant took advantage of a position of trust when he committed the crime of escape) in sentencing him for kidnap. An examination of the record in this matter does not evidence that fact. While the trial court made reference to this rule when discussing sentencing on both counts, yet this aggravating circumstance was correctly applied only to the escape count. It does not appear to have been used as an aggravating fact on the kidnap charge.

Judgment affirmed.

Wiener, J., and Harelson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 14, 1979.

*Assigned by the Chairperson of the Judicial Council.