[Crim. No. 11561. Fourth Dist., Div. One. Aug. 14, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTURO VASQUEZ GUTIERREZ, Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Handy Horiye for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Michael D. Wellington and Beatrice W. Kemp, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LORD, J.*—On September 28, 1979, a complaint was filed in the Municipal Court, San Diego County, South Bay Judicial District, charging Arturo Gutierrez with 18 counts of burglary (Pen. Code, § 459) between March 1977 and August 1979. In each count it was alleged that the burglary was committed upon an inhabited dwelling in the nighttime.

On that same date, Gutierrez pleaded guilty to six of the counts. The remaining 12 were dismissed as a part of a plea bargain. On October 25, 1979, the superior court sentenced Gutierrez to prison for ten years as follows: Count 9, the upper term of six years; count 4, four years

---

*Assigned by the Chairperson of the Judicial Council.

concurrent with count 9, and counts 11, 13, 15 and 16, one year each consecutive to count 9. Gutierrez was given credit for 49 days in custody.

The burglaries to which the plea of guilty was entered took place between October 1978 and July 1979 and were not related offenses. Gutierrez' sole contention on appeal is that in sentencing him the trial court erroneously considered the charges which had been dismissed as a result of the plea bargain and that this court should reduce the sentence for count 9 to the middle term of four years without remand for sentencing.

Gutierrez relies upon *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], which held that it was improper for the sentencing court to consider any of the facts underlying charges dismissed upon a plea bargain. The court stated (at p. 758): "Implicit in such a plea bargain, we think, is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." The court pointed out that an earlier decision of this district (*People v. Guevara* (1979) 88 Cal.App.3d 86 [151 Cal.Rptr. 511]) upheld the authority of the sentencing court to take into account facts underlying dismissed charges but only because those facts were *transactionally related* to the offense to which the defendant pleaded guilty.

It is apparent from the record of the sentencing hearing that the trial court was of the opinion it could consider the dismissed charges and did so. The People argue, however, that *Harvey*, decided one month after the sentencing here, should not be applied retroactively, citing *People v. Gainer* (1977) 19 Cal.3d 835, 853 [139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3d 73], which held that in determining retroactivity "...we begin with the three relevant considerations... '"(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."'" Gutierrez counters this argument with the assertion we are not dealing with "*new* standards"; therefore, there is no issue of retroactivity. He points out that *Guevara*, decided almost 10 months before the sentencing here, sanctioned the trial court's consideration of a dismissed kidnaping charge only because it related to the defendant's *admitted* of-

fenses and a full understanding of the admitted offenses could not be reached absent such consideration.

We believe Gutierrez is correct; *Harvey* did not set standards not recognized before his sentencing. But if we assume it did for the first time express a new rule for sentencing, the court in *Harvey* gives us no indication it is not to apply retroactively. In the court's language (25 Cal.3d at p. 758) "...it would be improper and unfair to permit the sentencing court to consider any of the facts underlying the dismissed count .... " It would seem the purpose of the new standard is to prevent significant judicial error. Given this critical purpose, we conclude the Supreme Court intended retroactive application, at least as to cases pending on appeal and not yet final, despite the tenable arguments which can be made concerning judicial reliance on prior practices and the possible effect on the administration of justice. (*People v. Gainer, supra*, 19 Cal.3d 835.) We hold, therefore, that Gutierrez is entitled to the application of the *Harvey* doctrine.

We decline to reduce the term on count 9, as requested by Gutierrez. The trial court is in a better position to evaluate Gutierrez' offenses and the risk he poses to the public. With the qualification that the total term may not exceed the sentence of 10 years originally imposed (cf. *People v. Collins* (1978) 21 Cal.3d 208, 216 [145 Cal.Rptr. 686, 577 P.2d 1026]), the court may reconsider the overall sentencing on all counts in accordance with the views expressed herein. In doing so, the court should recompute the additional credits to which Gutierrez claims to be entitled by reason of presentence custody. (*People v. Sage* (1980) 26 Cal.3d 498, [165 Cal.Rptr. 280, 611 P.2d 874].

The judgment of conviction is affirmed but the case is remanded to the trial court for resentencing.

Brown (Gerald), P. J., and Staniforth, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 8, 1980.