[Crim. No. 10433. Third Dist. Sept. 2, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
FOREST RAYMOND GASKILL, Defendant and Appellant.

## COUNSEL

Nasim Naick Elliott for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, Roger E. Venturi and Ramon M. de la Guardia, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PUGLIA, P. J.**—This is an appeal from a judgment of conviction for possession of a sawed-off shotgun in violation of section 12020, subdivision (a), of the Penal Code.

According to the probation report, defendant stopped his vehicle at a gasoline station, emerged with a large dog and asked for directions. The dog began growling, and defendant told the attendant the dog would kill him if he moved. The attendant asked the defendant to leave and he did. About five minutes later defendant returned. He pulled a sawed-off shotgun from his waistband and pointed it at the attendant, saying, "No asshole kid tells me to get out of here." Several automobiles pulled into the station, and defendant left. The attendant reported defendant's license number to police and the defendant was apprehended a few minutes later.

Defendant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and possession of a sawed-off shotgun (Pen. Code, § 12020, subd. (a)). It was also charged that defendant had previously been convicted of a felony and that he was armed with and personally used a firearm. (Pen. Code, §§ 12022, 12022.5.)

Defendant pled guilty to possession of a sawed-off shotgun. The felony assault charge was dismissed and the allegation of a prior conviction stricken. (The allegations that defendant was armed with and used a firearm do not appear on the abstract of judgment, and presumably were also stricken.) On May 16, 1979, the defendant was sentenced to state prison for three years, the upper term prescribed for violation of Penal Code section 12020, subdivision (a).

I

Defendant contends that the court in imposing sentence improperly relied on an uncharged trespass and the facts underlying the dismissed charge of assault with a deadly weapon as circumstances in aggravation.

In *People* v. *Guevara* (1979) 88 Cal.App.3d 86 [151 Cal.Rptr. 511], it was held that the sentencing court need not ignore the fact that the defendant was armed with and used a weapon in the commission of an admitted offense, although the enhancement allegations had been stricken pursuant to a plea bargain. "The plea bargain does not, expressly or by implication, preclude the sentencing court from reviewing all the circumstances relating to [the defendant's] *admitted* offenses to the legislatively mandated end that a term, lower, middle or upper, be imposed on [the defendant] commensurate with the gravity of his crime." (Italics in original; 88 Cal.App.3d at p. 94.)

In *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], the Supreme Court held that facts relating to a charge of a separate, unrelated crime could not be relied on as a circumstance in aggravation of the admitted offense. The court carefully distinguished *Guevara*, however, noting that the facts relied on there in aggravation were "transactionally related" to the offense of which the defendant was convicted. (25 Cal.3d at p. 758.)

■ Here, the sawed-off shotgun was brandished in the gasoline station in a threatening manner. By so exhibiting the weapon defendant's illegal possession of it came to light. Defendant notes however that he told the probation officer that he had the gun for some time before the incident. He suggests that his possession of the weapon and the use to which he put it in the gasoline station are unrelated offenses; defendant seeks to support his argument by analogy to cases which hold that illegal possession of a weapon and a crime committed with that weapon are not "the same act" within the meaning of section 654 of the Penal Code if "antecedent and separate" possession of the weapon is established (e.g., *People* v. *Cruz* (1978) 83 Cal.App.3d 308, 332-333 [147 Cal.Rptr. 740]). The short answer to defendant's argument is that, while they may not be "the same" under Penal Code section 654, his possession and use of the shotgun as disclosed by this record are "transactionally related." Establishing the factual basis of his plea, defendant testified that he possessed the gun on or about the date of the incident.

■ Defendant further contends that the principle that a guilty plea must be intelligently made (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]) required that he be warned when he pled guilty to possession of the shotgun that the circumstances underlying the dismissed assault charge could be considered in imposing sentence.

It is unnecessary to admonish a defendant of a proposition so common-place and self-evident as that the circumstances surrounding his offense will be considered in sentencing him to the appropriate term. There was, moreover, nothing in the bargain itself to indicate to the defendant that such circumstances could not be considered. (Cf. *People* v. *Guevara, supra*, 88 Cal.App.3d at p. 94.)

## II

Defendant contends that the sentencing court abused its discretion in failing to consider in mitigation his history of alcoholism and his acknowledgement of wrongdoing at an early stage of the criminal process.

■ Alcoholism may be a mitigating circumstance. (*People* v. *Simpson* (1979) 90 Cal.App.3d 919, 928 [154 Cal.Rptr. 249]; Cal.Rules of Court, rule 423(b)(2).) But this case is unlike *People* v. *Simpson, supra*, where the record unmistakably showed that the court improperly treated the defendant's alcoholism as an aggravating circumstance (90 Cal.App.3d at pp. 927-928). Here, the court had read and was familiar with the probation report and the Department of Corrections evaluation (Pen. Code, § 1203.03), both of which prominently discussed the defendant's alcohol problems. At the probation hearing the court inquired whether the defendant was intoxicated at the time of the incident. Defense counsel also adverted to the issue by urging that the defendant be placed on probation in an Antabuse program. However, there is nothing in the record to indicate that alcohol abuse was not properly considered as one of a congeries of facts bearing on disposition. (Cf. *People* v. *Dixie* (1979) 98 Cal.App.3d 852, 855 [159 Cal.Rptr. 717]; Cal. Rules of Court, rule 409.)

Furthermore the record does not support defendant's complaint that the court erred in failing to consider his early acknowledgement of guilt as a mitigating factor. Pursuant to a plea bargain defendant pled guilty to a single charge in exchange for dismissal of a more serious charge and several enhancement allegations. (Cal. Rules of Court, rule 409.) However, as will appear, defendant's "acknowledgement of wrongdoing" was less than unequivocal.

## III

Finally, defendant contends that the court's sentencing decision was affected by its annoyance with him.

When the defendant claimed the probation report was inaccurate in some respects and the court sought to elicit his version of the incident, defendant was evasive and nonresponsive, leading the court to observe, "You won't help me on that matter, then I can't do anything."

█ If the court's remarks betrayed some exasperation or annoyance, it was justified by the defendant's evident disingenousness throughout the hearing. However, the record does not indicate that the court allowed its feelings to distort its sentencing discretion. (Cf. *People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].) The court appropriately considered the defendant's apparent lack of remorse in denying probation (cf. Cal. Rules of Court, rule 414(d)(9)) and properly identified the different factors it considered in aggravation: "[U]se of a deadly weapon, threaten someone and their life. Appeared to be trespassing on property. [¶] According to the statement, to his own statement he repeatedly returned, provoking a situation where he used a gun."

The judgment is affirmed.

Regan, J., and Reynoso, J., concurred.