[Crim. No. 4519. Fifth Dist. Feb. 24, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRELL JAMES BERRY, Defendant and Appellant.

COUNSEL

August B. Rothschild, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey, Eddie T. Keller and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ANDREEN, J.—This case presents an appeal of appellant's resentencing which was ordered by this court in case number 5 Crim. 3867, in an opinion filed January 10, 1979.

The case number 3867 appeal stemmed from imposition of the upper base term (three years) following appellant's guilty plea to a violation of Vehicle Code section 10851 (unlawful taking of a motor vehicle). Prior to sentencing, the trial court had reviewed a probation report which recommended imposition of the upper term, based on two asserted circumstances in aggravation, to wit, "[t]he defendant has been

incarcerated in the California Youth Authority" and "[t]he defendant's prior performance on probation is unsatisfactory."

At the sentencing hearing, appellant's trial counsel moved to strike the former circumstance on the ground that it is not contained within the aggravating factors specified in rule 421, California Rules of Court. Counsel also asserted that there was "no evidence or any other information contained in the report that his performance on probation was unsatisfactory ...." Counsel concluded that no aggravating circumstances existed and that appellant should receive the middle term. The trial court denied the motion to strike and imposed the upper term.

Appellant appealed from that decision contending the trial court's failure to state on the record reasons for imposing the upper term necessitated resentencing. This court agreed, and remanded for the limited purpose of resentencing. In so doing, this court did not reach appellant's other contention that both aggravating circumstances cited by the probation report were inapplicable, to wit, incarceration in CYA was not a prior prison term under rule 421(b)(3), California Rules of Court, and the record did not establish unsatisfactory performance on probation.

Appellant was ordered removed for resentencing on May 24, 1979. On June 28, 1979, appellant filed a statement in mitigation (successful completion of parole) and a motion to strike number one of the circumstances in aggravation (incarceration not a factor falling within circumstances listed in rule 421).

At the outset of the resentencing proceedings on July 5, 1979, Judge Noriega indicated he had read this court's opinion and the probation officer's report[1] and stated: "It would be the court's intention at this time to impose the same sentence that was previously imposed ... and articulate the statutory reasons. I would be happy to listen to any comments."

The court accepted the statement of mitigation previously filed and granted the motion to strike the incarceration in CYA as a circumstance in aggravation. Judge Noriega then noted that under the

---

[1]We have taken judicial notice of the prior proceedings and record, including the probation report, in case No. 3867. (See Evid. Code, §§ 459, subd. (a), and 452, subd. (d).)

circumstances, the appropriate sentence was the upper term of three years and so ordered.

The court enumerated the following circumstances in aggravation: "The circumstances of the crime indicate that there was considerable premeditation in the commission of the crime; that the defendant was armed with a deadly weapon at the time of his apprehension as indicated in the probation officer's report; there was damage done to the property of the victim which remains unreimbursed in the approximate sum of $450; the probation officer's version also indicates that the defendant induced others to participate in the commission of the crime; and, in addition to the reasons which are limited by Rule 421, the court also feels that as an additional reason for imposing the upper term, this person had undergone prior adjudications of commission of crimes as a juvenile and also as an adult. For those reasons, then, the judgment of this court will be that the defendant be committed to the Department of Corrections for the upper term of three years."

Credit was given for 451 days in custody.

Appellant's prior criminal record contains the following:

Appellant, born July 12, 1956, was 17 when arrested for grand theft auto (Pen. Code, § 487, subd. 3). The arrest was on August 25, 1973. The bureau of identification rap sheet shows that it was not until May 29, 1975, after his 18th birthday, that he was placed on 3 years probation and given 67 days in jail for the offense.

On June 24, 1975, he was arrested for burglary. This was 12 days after his 19th birthday. He was committed to the California Youth Authority on this offense and on a violation of probation on the grand theft auto offense.

Defendant is critical of his second sentencing, contending that it was a violation of due process to consider his prior adjudication as a juvenile as a factor in aggravation, and that the sentencing court considered other inappropriate factors in aggravating his sentence. He invites us to rule as a matter of law that the middle sentence be imposed. We will conclude that inappropriate factors in aggravation were relied upon below, and that the cause must be remanded for resentencing once more.

## The Prior Juvenile Adjudication

Appellant argues that by referring to appellant's "prior adjudications . . . as a juvenile" as a reason for imposing the upper term, the trial judge considered appellant's *confinement* to CYA as a circumstance in aggravation. This is clearly not the case as the record proves.

The sentencing judge struck the probation report's reference to appellant's incarceration in CYA as a circumstance in aggravation[2] and in imposing the upper term instead referred to "prior adjudications of commission of crimes as a juvenile and also as an adult."

Rule 421(b)(2), California Rules of Court, provides as a circumstance in aggravation that "The defendant's prior convictions as an adult or adjudications of commission of crimes as a juvenile are numerous or of increasing seriousness." As noted above, appellant has suffered one juvenile court adjudication, committing a violation of Penal Code section 487, subdivision 3, grand theft auto, and one violation of Penal Code section 459, burglary, committed as an adult. Two acts cannot be "numerous," and the court did not so typify them. Although not properly considered under rule 421(b)(2), the prior criminal acts of the appellant may be considered under rules 408(a) and 409. (*People* v. *Taylor* (1979) 92 Cal.App.3d 831, 833, fn. 1 [155 Cal.Rptr. 62].)

The probation report contains numerous arrests which, for various reasons, did not result in adjudications or convictions. Since not factually supported, they could not be considered. (*People* v. *Taylor, supra*, 92 Cal.App.3d at p. 833.) There is nothing in the record to indicate that they were.[3]

Appellant argues that consideration of his prior adjudication as a juvenile for purposes of aggravation violates due process.

Rule 421 and its various subdivisions have withstood numerous constitutional challenges since its inception July 1, 1977. *People* v. *Thomas*

[2]Since the record is clear that the sentencing judge did not rely on appellant's prior incarceration in CYA as a factor in aggravation, the appropriateness or inappropriateness of such a finding is not reached in this case.

[3]*Taylor* holds that arrests not factually supported should be excluded from the probation officer's report. It was decided in 1979. The report in this case was written in 1978, so it is probable that procedures have been modified. If not, we would comment that a six-page rap sheet is an inefficient and improper way in which to call the court's attention to two crimes.

(1979) 87 Cal.App.3d 1014, 1023-1024 [151 Cal.Rptr. 483], held that the constitutional prohibition of vaguely worded criminal statutes does not apply to the "circumstances in aggravation" enumerated in California Rules of Court, rule 421. The court noted that the primary function of the rule is to promote uniformity in sentencing by listing factors to be applied to all offenses and is not intended to give people advance warning of prohibited activities. (See also *People* v. *Maese* (1980) 105 Cal.App.3d 710, 725 [164 Cal.Rptr. 485].)

In *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 609 [165 Cal.Rptr. 179], this court rejected a contention that it was error to aggravate Ramos' sentence based on his two prior juvenile adjudications and two prior adult convictions as follows: "Appellant's contention that rule 421(b) is inconsistent with Penal Code section 1170, subdivision (b), because it bases aggravations on personal characteristics as opposed to the crime itself, was rejected in *People* v. *Cheatham* (1979) 23 Cal.3d 829, 831 [153 Cal.Rptr. 585, 591 P.2d 1237]. The court specifically concluded: ' . . . that the Legislature intended the sentencing court to consider the defendant's prior history and record, as well as facts relating to the commission of the crime, in determining whether there are circumstances that justify imposition of the upper or lower term.' (*Id.*, at p. 836.)" (*Id.*, at p. 609.)

And in *People* v. *Hubbell* (1980) 108 Cal.App.3d 253, 255-258 [166 Cal.Rptr. 466], the court specifically addressed a claim by the appellant that the sentencing court erred in considering his prior juvenile record as a circumstance in aggravation. Defendant argued that since the purpose behind the juvenile system is rehabilitation, not punishment, and since he was not afforded a jury trial in his juvenile adjudication, he was being improperly punished for acts he committed as a juvenile.

After citing the language in *Cheatham* quoted above, the court explained: "An adjudication of wardship for a juvenile pursuant to section 602, Welfare and Institutions Code, is not a criminal proceeding and does not constitute a conviction. A dispositional order following a finding of wardship is not a sentence. [Citations.] . . .

"Defendant has not cited nor have we discovered any authority holding, or implying, that consideration of an adult offender's juvenile record violates any concept of fundamental fairness. In fact, the Arizona Supreme Court has rejected this precise contention, concluding that consideration by a sentencing court of a convicted adult offender's

juvenile record does not violate due process. (*State* v. *Corral* (1974) 21 Ariz.App. 520 [521 P.2d 151].) We agree with this conclusion." (*Id.*, at pp. 255-256.)

There was no due process violation.

### IMPOSITION OF THE UPPER TERM—FACTORS IN AGGRAVATION

Appellant contends that the imposition of the aggravated term was an abuse of discretion, in that the factors in aggravation did not outweigh the circumstances in mitigation under rule 439(b). The court did consider appellant's satisfactory performance on CYA parole as a factor in mitigation (rule 423(b)(6)). ■ ■ ■ ■ However, the judge enumerated five factors in aggravation under rules 421 and/or 408(a).[4] We have discussed one of them, a prior adjudication and a prior conviction, above. We turn to a discussion of the other four.

■ The court found considerable premeditation in the commission of the offense (rule 421(a)(8)). This factor is substantiated by the record in that the offense occurred during the nighttime hours when the business was closed; only one window in the service area was broken and the culprit or culprits reached through the window bars to extract the keys to forty to fifty vehicles and at least one vehicle (the car appellant was apprehended in) was taken. A certain amount of planning appears to be demonstrated in the timing of the offense and it is a reasonable assumption that some type of instrument, brought by the culprit(s) to the scene, was used to extract the keys through the bars on the window.

The court cited as an aggravating factor that the "defendant was armed with a deadly weapon at the time of his apprehension." This is language somewhat similar to that found in rule 421(a)(2): "The defendant was armed with or used a weapon at the time of the commission of the crime, whether or not charged or chargeable as an enhancement under section 12022 or 12022.5."

Appellant had originally been charged in a five-count information. Two of the four counts dismissed at the time he entered his guilty plea

---

[4]The circumstances listed in rules 421 and 423 are illustrative and not exclusive. Other factors both in aggravation and mitigation should be considered under rule 408(a). (*People* v. *Covino* (1980) 100 Cal.App.3d 660, 671-672 [161 Cal.Rptr. 155].)

to Vehicle Code section 10851 were violations of Penal Code sections 12025, subdivision (a) (carrying a weapon concealed within a vehicle) and 12031, subdivision (a) (carrying a loaded firearm). The information charged both the weapon offenses and the "driving and taking" offense to be the date of appellant's apprehension, April 11, 1978.[5]

There is an abundant body of case law in this area. *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], involved a situation where a defendant pleaded guilty to two counts of robbery with use of a firearm as part of a bargain under which a third count, charging an unrelated robbery, was dismissed. In imposing the upper term, the trial court considered the dismissed count as an aggravating aspect. The Supreme Court affirmed the judgment of conviction but remanded for resentencing, stating: "In our view, under the circumstances of this case, it would be improper and unfair to permit the sentencing court to consider any of the facts underlying the dismissed count three for purposes of aggravating or enhancing defendant's sentence. Count three was dismissed in consideration of defendant's agreement to plead guilty to counts one and two. Implicit in such a plea bargain, we think, is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count. The People have cited no contrary authorities. Although *People* v. *Guevara* (1979) 88 Cal.App.3d 86, 92-94 [151 Cal.Rptr. 511] upheld the authority of the sentencing court to take into account certain facts underlying charges dismissed pursuant to a plea bargain, those facts were also *transactionally related* to the offense to which defendant pleaded guilty. As the *Guevara* court carefully explained, 'The plea bargain does not, expressly or by implication, preclude the sentencing court from reviewing all the circumstances relating to Guevara's *admitted* offenses to the legislatively mandated end that a term, lower, middle or upper, be imposed on Guevara commensurate with the gravity of his crime.' (P. 94, italics in original.) In contrast, as we have noted, the present case involved a robbery alleged in dismissed count three which was unrelated to and wholly separate from, the admitted robberies charged in counts one and two." (*Id.*, at pp. 758-759, italics original.) ■ ■ ■ ■ (See also *People* v. *Gutierrez* (1980) 109 Cal.App.3d 230, 232 [167 Cal.Rptr. 162]; *People* v. *Jones* (1980) 108

---

[5]The car keys were taken in the late hours of April 6, 1978, or early hours of April 7, 1978. The car may have been taken at the same time or as late as the date of appellant's apprehension.

Cal.App.3d 9, 16-17 [166 Cal.Rptr. 131]; *People v. Davis* (1980) 103 Cal.App.3d 270, 280 [163 Cal.Rptr. 22].)[6]

In *Guevara, supra*, defendant was charged, inter alia, with escape and five counts of kidnaping, with weapon use allegations. Guevara pleaded guilty to escape and one count of kidnaping and pursuant to a plea bargain the other counts and enhancements were dismissed. The weapon use and multiple kidnap victims were properly considered as an aggravating factor because Penal Code section 1170, subdivision (b) authorizes the sentencing court to examine the circumstances in aggravation of "the crime." The court noted that "circumstances" include "'practically everything which has a legitimate bearing' on the matter in issue. [Citations.]" (*People v. Guevara, supra*, 88 Cal.App.3d at p. 93.) The court noted: "We conclude 'circumstances' here would include those facts, matters occurring, acts committed or omitted in the commission of the kidnaping of Mark. The circumstances would not be limited solely to the act of kidnap itself. The victim in count three was the six-year-old Mark. The shotgun was in the possession of, used by Guevara in compelling Mark and his mother to enter the car at the commencement of the kidnaping. To say the possession and use of the shotgun was not one of the circumstances of the kidnap of Mark is to place blinders on a sentencing judge the Legislature did not expressly or impliedly intend. The plea bargain was not violated by the court's examination and use of the circumstances of the crime in the manner here evidenced." (*Ibid.*)

*Guevara* was followed in *People v. Cortez* (1980) 103 Cal.App.3d 491 [163 Cal.Rptr. 1], where as part of a plea bargain, the defendant pleaded guilty to robbery while a related attempted robbery count and a dangerous weapon allegation were dismissed. Cortez appealed imposition of the upper term and the appeals court held that the sentencing court properly considered the facts defendant was armed with a screwdriver and the offense involved multiple victims as aggravating factors, even though the count relating to the second victim had been dismissed

---

[6]*Harvey* was filed November 27, 1979, some four months after appellant was resentenced, the exact situation the court was confronted with in *People v. Jones, supra*, 108 Cal.App.3d 9, 16. The *Jones* court held that *Harvey* did not present a new rule of law and therefore retroactive application was not an issue. A similar result was reached in *People v. Gutierrez, supra*, 109 Cal.App.3d 230, 232-233, where defendant was sentenced one month prior to the filing of *Harvey*. In *Gutierrez*, the court held *Harvey* did not establish a new rule of law, but assuming, arguendo, that it did, retroactive application would be proper.

and the weapon use allegation had been stricken. "Here the use of the screwdriver and the attempt to rob DeRosa were all part of the transaction in which Virgil was robbed. Moreover, the screwdriver could be considered in aggravation 'whether or not charged or chargeable as an enhancement under section 12022' (rule 421(a)(2))." (*Id.,* at pp. 496-497.)

Most recently, *Guevara* was followed in *People* v. *Gaskill* (1980) 110 Cal.App.3d 1, 4 [167 Cal.Rptr. 549], wherein a defendant pleaded guilty to unlawful possession of a sawed-off shotgun in exchange for a dismissal of an assault with a deadly weapon charge and other offenses arising out of the same incident. In imposing the upper term, the appellate court held the facts underlying the assault and use of the deadly weapon were properly considered, as they all arose out of the same incident. "Here the sawed-off shotgun was brandished in the gasoline station in a threatening manner. By so exhibiting the weapon defendant's illegal possession of it came to light. . . ." (*Id.,* at p. 4.)

In *People* v. *Betterton* (1979) 93 Cal.App.3d 406 [155 Cal.Rptr. 537], similar reasoning was adopted in a case in which a defendant pleaded guilty to a violation of Penal Code section 12021 (felon in possession of a concealable firearm), with charges being dismissed for violation of Penal Code section 417 (exhibiting a firearm in a rude, angry and threatening manner). The court held that the trial court properly considered, in finding circumstances in the aggravation of the crime of violating section 12021, the probation officer's report containing a statement by defendant's former wife that defendant pointed the gun at her chest and threatened her and her children. Such threat was held to have been properly considered as a circumstance in aggravation of the crime of violating section 12021, and in its consideration of the threat, the trial court did not improperly base its sentencing of defendant to the upper term for violation of section 12021 upon defendant's alleged violation of section 417. (*Id.,* at p. 415.)

Section 10851 of the Vehicle Code is violated by either the unlawful driving or taking of a motor vehicle. The statute proscribes a wide range of conduct, including merely driving a vehicle without consent of the owner and with the intent to permanently or temporarily deprive the owner of his possession of it. (*People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706].)

At the time of the traffic stop, appellant was driving the vehicle in violation of the statute. Since the crime is committed by driving as well as taking the vehicle, the crime was being perpetrated at the very time of the traffic stop. At that time, defendant was armed. A 22-caliber pistol was found protruding from under his (driver's) seat. The fact that it was found under the seat of the Volvo, rather than on his person, is of no consequence. (See, generally, CALJIC No. 12.35, which includes right of control over a weapon as possession of same.) The commission of any crime while armed poses a greater threat to the citizenry and law enforcement. Although the gun was not used in any sense while driving the vehicle or at the traffic stop, it could have been.

■ The question of whether the possession of the gun was transactionally related to the driving of the vehicle is a close one. In each case cited above, there was some connection between the crime to which the defendant pled and the factors in aggravation of another count which were part of the information but which were dismissed. Thus in *Guevara, supra*, the defendant actually used the shotgun in compelling the victim to accompany him, and as he did so, he forced another victim to enter the car. In *Cortez, supra*, the defendant poked the weapon—a screwdriver—in the ribs of the victim, and at the same time he was robbing the victim, he attempted to rob another. And in *Gaskill, supra*, the shotgun was brandished in a threatening manner. Finally, in *Betterton, supra*, the defendant pointed the firearm at his former wife's chest. In each of the above cases it may be seen that there was a close relationship between the offense to which there was a plea of guilty and the dismissed offense.

In the instant case, no such relationship appears. There is nothing to show that the defendant used the pistol to obtain or retain possession of the vehicle. He did not drive the vehicle while brandishing the weapon. The vehicle merely served as a container for it. Such a tenuous connection between the dismissed counts and the vehicle theft does not rise to the status of being "transactionally related."

■ The court further cited that there was damage to the property of the victim (a 1978 Volvo) which remained unreimbursed in the sum of approximately $450. Presumably the court was using rule 421(a)(10), (great monetary value). A loss of $450 is not of great monetary value. (*People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 705-706 [173 Cal.Rptr. 71].)

■ The final factor cited by the court was that "the probation officer's version ... indicates that the defendant induced others to participate in the commission of the crime," obviously referring to rule 421(a)(5). Common sense dictates that for this factor to be invoked as a circumstance in aggravation, more than one person would have to be involved in the offense.[7] The probation report does not support such a conclusion on the judge's part. In fact, it notes that all charges against the passenger in the vehicle at the time of appellant's apprehension were dropped. The probation report shows that appellant was the driver of the vehicle, the gun was seen protruding from under the left front seat and PCP was found in the glove compartment. Obviously, the authorities had nothing to connect the passenger to the offenses charged in the information. On the basis of the instant record, citing rule 421(a)(5) as a circumstance in aggravation was error.

The judgment of conviction is affirmed and the cause is remanded to the trial court with directions to set aside the sentence and to resentence appellant in accordance with the views expressed herein.

Brown (G. A.), P. J., and Allen, J.,* concurred.

---

[7]Rule 421(a)(5) reads as follows: "The defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission."

*Assigned by the Chairperson of the Judicial Council.