Filed 12/30/15  P. v. Ramirez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SANDRA MADRIGAL RAMIREZ,<br><br>    Defendant and Appellant. | B263169<br><br>(Los Angeles County<br>Super. Ct. Nos. KA061048)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>CHANGE IN JUDGMENT |

THE COURT:*

It is ordered that the opinion filed herein on December 17, 2015, be modified as

    follows:

1.  On page 6, the second full paragraph, line 3, the words "potentially eligible" are

deleted and the word "entitled" is inserted in their place, so the sentence reads:

> Because the trial court erred in considering the value of stolen property underlying the dismissed counts, and because the value of the stolen property underlying defendant's conviction was less than $950, defendant is entitled to have this offense redesignated as a misdemeanor.

_____

\*     ASHMANN-GERST, Acting P.J.,      CHAVEZ, J.,      HOFFSTADT, J.

2.  On page 6, second full paragraph, line 4, the remainder of the paragraph beginning with the words "We accordingly" is deleted, so that the paragraph ends with the words "redesignated as a misdemeanor."

3.  On page 7, under the Disposition paragraph, line 3, the words "so that the trial court may determine whether 'resentencing [defendant] would pose an unreasonable risk of danger to public safety'" are deleted and the words "with directions to redesignate that conviction as a misdemeanor offense" are inserted in their place, so that the sentence reads:

> We reverse the trial court's judgment denying redesignation of the receiving stolen property conviction in No. KA058017 as a misdemeanor, and remand the matter with directions to redesignate that conviction as a misdemeanor offense.

This modification changes the judgment.

Respondent's petition for rehearing is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

Filed 12/17/15  P. v. Ramirez CA2/2 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SANDRA MADRIGAL RAMIREZ,<br><br>    Defendant and Appellant. | B263169<br><br>(Los Angeles County<br>Super. Ct. Nos. KA061048,<br>KA058017) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Steven P. Sanora, Judge.  Affirmed in part, reversed in part.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Deputy Attorney General, and Wyatt E. Bloomfield, Deputy Attorney General, for Plaintiff and Respondent.

\*    \*    \*

Defendant Sandra Madrigal Ramirez (defendant) filed an application to have her 2002 felony conviction for receiving stolen property (Pen. Code, § 496, subd. (a))[1] and her 2003 felony convictions for second-degree commercial burglary (§ 459) and possession of a controlled substance (Health & Saf. Code, § 11377) redesignated as misdemeanors pursuant to Proposition 47 (Pen. Code, § 1170.18, subd. (f)).  The trial court granted the application as to the drug conviction, but declined to redesignate the receiving stolen property and second-degree commercial burglary convictions as misdemeanors.  On appeal from those denials, we conclude that the court properly denied the application as to the second-degree commercial burglary conviction, but erred in determining that defendant's receiving stolen property conviction was ineligible for redesignation.  We accordingly remand so the court may consider whether "resentencing [defendant] would pose an unreasonable risk to public safety."

## FACTS AND PROCEDURAL BACKGROUND

In July 2002, defendant possessed a backpack containing check drafts, blank checks, social security cards, California driver's licenses, debit cards and financial statements belonging to several people who did not authorize her to possess those items. The People charged defendant with five separate felony counts of receiving stolen property.  (§ 496, subd. (a).)  Four of those counts pertained to items belonging to specific individuals, and the fifth count pertained to the remaining "bank statements, checks, credit cards and social security cards."  Defendant entered a plea to the first count involving the "checkbook, checks and papers of Donnetta Grays," which encompassed a "VOID" check for $106 and a blank check. As part of defendant's plea bargain, the court dismissed the remaining counts.  The court placed defendant on three years' probation and imposed a 90-day jail sentence.

In March 2003, defendant possessed methamphetamine.  She also walked into a Top Dollar 99 Cent Store and an Exxon Mobil gas station with credit cards belonging to someone else, and used them to purchase $60.53 and $56.13 in merchandise,

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

respectively. The People charged her with (1) possessing a controlled substance (Health & Saf. Code, § 11377), (2) second-degree commercial burglary (Pen. Code, § 459), and forgery (*Id.*, § 484f, subd. (b)) involving the Top Dollar 99 Cent Store, (3) second-degree commercial burglary (*Id.*, § 459) and forgery (Id., § 484f, subd. (b)) involving the Exxon Mobil gas station, and (4) giving false information to a police officer (*Id.*, § 148.9, subd. (a)). Defendant entered a plea to possessing a controlled substance and to the second-degree burglary count associated with the Exxon Mobil gas station purchase. As part of her plea bargain, the court dismissed the remaining counts. Defendant also admitted she was in violation of her probation in the earlier case. The court then imposed a prison sentence of 16 months on the drug possession charge, and imposed concurrent sentences of 16 months on the second-degree burglary charge and the probation violation.

In 2015, defendant applied to the trial court to have all three convictions redesignated as misdemeanors pursuant to Proposition 47 (§ 1170.18). The court granted her application as to the controlled substance conviction, but denied it as to the remaining two convictions. With respect to the receiving stolen property conviction, the court reasoned that the "collective amount" of the stolen property, which included a stolen check for $1332.50, exceeded the $950 limit that defines the upper limit of misdemeanor receipt of stolen property under Proposition 47. With respect to the second-degree commercial burglary conviction, the court reasoned that defendant's conduct would have been charged as a forgery today rather than a commercial burglary, rendering irrelevant the $950 threshold for felony commercial burglary.

Defendant timely appeals.

## DISCUSSION

Proposition 47, the Safe Neighborhoods and Schools Act, reduced several felony offenses to misdemeanors—namely, those set forth in Health and Safety Code sections 11350, 11357 and 11377 and Penal Code sections 459.5, 473, 476a, 490.2, 496, and 666. (§ 1170.18, subd. (a).) As pertinent here, Proposition 47 also authorizes persons who have been convicted of those enumerated offenses and who have completed their sentences to apply to the trial court "to have the felony conviction or convictions

3

designated as misdemeanors." (*Id.*, subd. (f).) That applicant bears "the initial burden of establishing [her] eligibility for resentencing . . . ." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)

Defendant argues that the trial court erred in denying her application to redesignate her receiving stolen property and second-degree commercial burglary convictions as misdemeanors. To the extent her challenges require us to construe Proposition 47, we engage in de novo review (*People v. Tran* (2015) 61 Cal.4th 1160, 1166); to the extent we must evaluate her evidentiary showing, we review for substantial evidence (*People v. Smith* (2015) 61 Cal.4th 18, 39).

## I.       Receiving Stolen Property Conviction

Proposition 47 amended section 496 to classify, with exceptions not pertinent here, the receipt of stolen property as a misdemeanor "if the value of the property does not exceed" $950. (§ 496, subd. (a).) Defendant entered a plea to receiving the stolen property of Donnetta Grays, which consisted of a check for $106 marked "VOID" and a blank check. Because the value of this property does not exceed $950, defendant appears to be eligible to have this felony redesignated as a misdemeanor. The People resist this conclusion, arguing that the trial court was correct in aggregating the amount of *all* of stolen property that defendant possessed in her backpack, including the property underlying counts that were dismissed.

In *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*), our Supreme Court held that it is "improper and unfair to permit the sentencing court to consider any of the facts underlying [a] dismissed count . . . for purposes of aggravating or enhancing a defendant's sentence." (*Id.* at p. 758.) "Implicit in . . . a plea bargain [dismissing certain counts]," the court reasoned, "is the understanding (in the absence of any contrary agreement) that [the] defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, [any] dismissed count." (*Ibid.*) Courts have subsequently extended this rule to prohibit consideration of dismissed counts when fixing the conditions of probation (*People v. Martin* (2010) 51 Cal.4th 75, 81-82 (*Martin*); *People v. Beagle* (2004) 125 Cal.App.4th 415, 417-418, 421 (*Beagle*)) and,

4

more relevant here, when deciding whether to recall a third strike sentence under the recently enacted Proposition 36 (§ 1170.126) (*People v. Berry* (2015) 235 Cal.App.4th 1417, 1425). This principle appears to prohibit a trial court from adding up the value of stolen property underlying dismissed counts.

The People nevertheless proffer two reasons why *Harvey*, *supra*, 25 Cal.3d 754 does not apply. First, they argue that *Harvey* itself allows a court to consider the conduct underlying a dismissed count if that conduct is "transactionally related to the offense to which the defendant" entered a plea. (*Id.* at p. 758, italics omitted.) Conduct underlying dismissed counts is "transactionally related" when it facilitates the criminal conduct to which the defendant entered a plea. (See, e.g., *People v. Gaskill* (1980) 110 Cal.App.3d 1, 3-4 [weapons transactionally related to kidnapping, when brandished to facilitate kidnapping]; *People v. Guevara* (1979) 88 Cal.App.3d 86, 92-93 [same]; *People v. Bradford* (1995) 38 Cal.App.4th 1733, 1739 [loaded shotguns transactionally related to cultivation of marijuana, when used to protect drugs]; cf. *Martin*, *supra*, 51 Cal.4th at pp. 81-82 [two robberies separate in time and place not transactionally related].) However, a defendant's simultaneous possession of multiple items does not by itself render them transactionally related. (See, e.g., *People v. Berry*, *supra*, 235 Cal.App.4th at pp. 1421-1422, 1426 [possession of firearm not transactionally related to simultaneous possession of fraudulent check and forged driver's license]; *Beagle*, *supra*, 125 Cal.App.4th at pp. 417-418, 421-422 [possession of nunchakus and drugs in different parts of house; not transactionally related]; *People v. Berry* (1981) 117 Cal.App.3d 184, 197 [possession of gun not transactionally related to possession of vehicle absent showing that "defendant used the pistol to obtain or retain possession of the vehicle"].) Because the People have not otherwise demonstrated how defendant's receipt of the *other* people's stolen documents facilitated or aided her receipt of the stolen documents underlying her plea, these other documents are not "transactionally related" and may not be considered in determining her eligibility for relief under Proposition 47. (Accord, *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1310 [declining to aggregate amounts of checks forged when defendant only pled to one forgery count].)

5

Second, the People contend that *Harvey's* restrictions on the use of evidence may be waived and that defendant waived those restrictions as part of her plea bargain. The People are correct on the law (see *Harvey*, *supra*, 25 Cal.3d at p. 768 [noting how "contrary agreement" may authorize consideration of dismissed counts]), but incorrect on the facts. Defendant did make a so-called "*Harvey* waiver," but did so solely as to restitution. This limited waiver did not dispel *Harvey's* protections for any and all purposes.

Because the trial court erred in considering the value of stolen property underlying the dismissed counts, and because the value of the stolen property underlying defendant's conviction was less than $950, defendant is potentially eligible to have this offense redesignated as a misdemeanor. We accordingly remand the matter to the trial court to consider whether, as a discretionary matter, "resentencing [defendant] would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b); *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649 [specifying that remand is appropriate following reversal on eligibility determination].)

## II.     Second-Degree Commercial Burglary Conviction

Proposition 47 also added section 459.5, which creates a new crime of "shoplifting" and designates it as a misdemeanor. (§ 459.5.) In pertinent part, section 459.5 provides: "Notwithstanding section 459, shoplifting is defined as entering a commercial establishment *with intent to commit larceny* while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed" $950. (*Ibid.*, italics added.) Because Proposition 47 entitles a person to relief if she "would have been guilty of a misdemeanor . . . had [Proposition 47] been in effect at the time of the offense" (§ 1170.18, subd. (f)), defendant's entitlement to relief as to her second-degree commercial burglary conviction under section 459 turns on whether that burglary "would have been" treated as the misdemeanor crime of shoplifting. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 [so holding]; *People v. Contreras* (2015) 237 Cal.App.4th 868, 892 [same].)

6

The factual basis for the second-degree commercial burglary to which defendant entered her plea is undisputed: She walked into an Exxon Mobil gas station and used someone else's credit card to obtain merchandise. This act constitutes theft by false pretenses, not larceny. Larceny requires proof that the defendant (1) captured another person's property, (2) carried that property away, and (3) intended to steal and carry that property away. (E.g., *People v. Gomez* (2008) 43 Cal.4th 249, 254-255.) By contrast, theft by false pretenses requires proof that (1) the defendant "made a false pretense or representation to the owner," (2) the defendant intended "to defraud the owner," and (3) "the owner transferred the property to the defendant in reliance on the representation." (E.g., *People v. Wooten* (1996) 44 Cal.App.4th 1834, 1842.) As our Supreme Court recently noted, these two forms of theft are analytically distinct. (*People v. Williams* (2013) 57 Cal.4th 776, 788 ["larceny" differs from "theft by false pretenses" because the former requires a "taking without the property owner's consent" while the latter "involves the *consensual* transfer of possession as well as *title* of property"].)

Because defendant entered the Exxon Mobile gas station with the intent to commit *theft by false pretenses*, she did not "enter[] a commercial establishment *with intent to commit larceny*" and thus did not commit the misdemeanor crime of "shoplifting." Because Proposition 47 did not modify section 459 as it applies to burglaries premised on the intent to commit other felonies (accord, *People v. Segura* (2015) 239 Cal.App.4th 1282, 1284 [rejecting argument that the "spirit" of Proposition 47 requires the redesignation of all thefts or property involving less than $950]), defendant's second-degree commercial burglary conviction shall remain a felony. (Accord, *People v. Gonzales* (2015) 242 Cal.App.4th 35 [so holding].)

## DISPOSITION

We reverse the trial court's judgment denying redesignation of the receiving stolen property conviction in case No. KA058017 as a misdemeanor, and remand the matter so that the court may determine whether "resentencing [defendant] would pose an unreasonable risk of danger to public safety." We affirm the court's judgment denying redesignation of the second-degree commercial burglary conviction in case No. KA061048.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, J.
HOFFSTADT

We concur:

_____, P. J.
BOREN

_____, J.
CHAVEZ