Filed 9/25/23  P. v. Pace CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MITCHELL STEVEN PACE,<br><br>    Defendant and Appellant. | E080409<br><br>(Super.Ct.No. FSB22000431)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant, Mitchell Steven Pace, appeals the trial court's denial of probation and imposition of a prison sentence. Defendant contends the trial court abused its discretion in denying reinstatement of probation and imposing the middle term sentence of three years after defendant violated the terms of his probation twice within the first six months of his probationary period.[1] We affirm.

## PROCEDURAL BACKGROUND

On March 30, 2022, the People filed an information charging defendant with one count of willful infliction of corporal injury. (Pen. Code, § 273.5, subd. (a),[2] count 1.) The information also alleged defendant committed assault by means of force likely to produce great bodily injury. (§ 245, subd. (a)(4), count 2.) On April 26, 2022, pursuant to a plea bargain, defendant pled guilty to count 1, a felony violation of section 273.5, subdivision (a). Case No. MSB19012177, a misdemeanor domestic violence case, was dismissed as part of the plea bargain. Defendant was placed on felony probation for 36 months. Defendant's probation terms and conditions included having no contact with the victim in this case. Defendant's probation terms also required defendant to cooperate with the probation officer and follow all reasonable directives of the probation officer.

---

[1] Defendant does not claim the trial court erred in finding him in violation of probation. Defendant only claims the trial court erred in denying another opportunity on probation and alternatively imposing a prison sentence. As such, the standard of review is abuse of discretion. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773 (*Urke*) [a probation violation decision is reviewed for substantial evidence].)

[2] All further unlabeled statutory references are to the Penal Code.

Defendant received a copy of his terms and conditions of probation and initialed next to each term. At his probation orientation, defendant was read his terms and conditions and indicated he understood them.

A. *Defendant's First Violation of Probation*

On June 10, 2022, defendant's probation officer filed a petition to revoke defendant's probation. The petition alleges that on June 7, 2022, defendant was found at the victim's address and subsequently arrested for violating a domestic violence restraining order. (§ 273.6, subd. (a).) Defendant's probation officer interviewed defendant about the circumstances of the probation violation. Defendant admitted to having contact with the victim two or three times since his release from custody. Defendant stated he understood the severity of his actions, accepted responsibility, and apologized for being in contact with the victim. When asked if he would abide by the court order to have no contact with the victim, defendant stated he would. In his supplemental report, defendant's probation officer recommended the trial court add a probation term requiring a global positioning system (GPS) monitor to ensure defendant did not return to the victim's address.

On July 15, 2022, defendant pled no contest to a misdemeanor charge of violating a domestic violence restraining order (§ 273.6, subd. (a)) and a misdemeanor charge of trespass (§ 602.5, subd. (a)). The same day, defendant also admitted the violation of probation stemming from the June 10, 2022 petition. At the probation revocation hearing, the victim requested the protective order be terminated. The trial court denied

the victim's request stating he would reconsider terminating the protective order if defendant successfully complied with the terms and conditions of his probation and attended ordered programs. Based on defendant's admission and review of the probation report, the trial court found defendant in violation of the terms of his probation. The trial court reinstated defendant on probation on the original terms with several modifications. One such modification ordered defendant to submit to continuous electronic monitoring as directed by the probation officer and abide by all rules and restrictions of the program. Defendant accepted the probation terms as modified.

B.      *Defendant's Second Violation of Probation*

On October 24, 2022, defendant's probation officer filed a second petition to revoke defendant's probation. The petition alleges defendant violated three probation terms: (1) defendant did not cooperate with the probation officer in a plan of rehabilitation and follow all reasonable directives of the probation officer; (2) defendant had contact with the victim; (3) defendant failed to submit to continuous electronic monitoring. Defendant denied violating his probation. A probation revocation hearing was conducted on December 20, 2022, and December 22, 2022.

C.      *Probation Revocation Hearing and Imposition of Sentence*

At the probation revocation hearing, defendant's probation officer testified about the circumstances leading to the petition to revoke defendant's probation. On September 26, 2022, defendant's probation officer received a dead battery notice from defendant's GPS monitor. Defendant's probation officer called defendant to inquire about the dead

battery issue. Defendant stated he didn't have enough time to charge the monitor because of work. Defendant's probation officer instructed defendant to charge the monitor 30 to 45 minutes in the morning and evening. Defendant's probation officer warned if defendant allowed the battery to die again, defendant's probation officer would issue a citation. Defendant stated he understood.

On October 23, 2022, defendant's probation officer received a notification that defendant's GPS monitor had a dead battery. Defendant had previously been instructed to immediately contact his probation officer if the battery on his GPS monitor died. Defendant did not immediately contact his probation officer. During the three months defendant was ordered to wear the GPS monitor, his monitor died approximately 14 times.

On October 24, 2022, defendant's probation officer conducted a home compliance check at defendant's reported address. While at defendant's residence, the probation officer had a colleague check the vehicle registration for a vehicle parked at the location. The vehicle was registered to the victim. Defendant's probation officer asked defendant about the ownership of the vehicle. Defendant initially stated the vehicle belonged to a client of the homeowner of the main residence. Defendant's probation officer confronted defendant about the victim being the registered owner. Defendant admitted to lying to his probation officer. Defendant also admitted having contact with the victim. Defendant initially stated he had spoken to the victim approximately one week prior to his contact with his probation officer. Defendant's probation officer reviewed

5

defendant's call log and saw he had answered a call from the victim the day prior. Defendant testified at the probation violation hearing acknowledging he was warned during his prior probation violation hearing that he was to have no contact with the victim, even if she reached out to him.

At the probation revocation hearing, the trial court heard evidence that defendant was complying with several terms of his probation. Defendant was attending his 52-week domestic violence batterer's treatment program and had gainful employment. Defendant was completing his jail time on the weekends. Defendant also had no pending law violations.

Following the close of evidence and argument, the trial court again found defendant in violation of his probation. The trial court found defendant in violation for failing to cooperate with the probation officer in the plan of rehabilitation and for failing to follow all reasonable directives of the probation officer. The trial court also found defendant in violation for failing to submit to continuous electronic monitoring. The trial court noted it was defendant's second violation of probation.

Prior to indicating the sentence, the trial court commented defendant had been given a prior opportunity on probation. Specifically, the trial court indicated when defendant was previously reinstated, defendant acknowledged understanding the terms of his probation, including having no contact with the victim. The trial court recited applicable factors in aggravation. The trial court found the charged crime involved great violence, great bodily harm, threat of bodily harm, and disclosing a high degree of

6

cruelty. The trial court also found defendant's performance on probation was unsatisfactory. The trial court did not find any factors in mitigation. The trial court indicated it had reviewed all circumstances in aggravation and mitigation and found a middle term sentence of three years state prison appropriate.

STATEMENT OF FACTS

A.   *Underlying Offense*

On February 13, 2022, deputies were dispatched to a residence regarding a domestic disturbance. When interviewed, the victim stated she and defendant had engaged in a verbal argument in the garage of the residence. The argument turned physical as defendant and the victim struggled over a glass of wine. Defendant then grabbed the victim by the throat and strangled her. Upon contact with the police, the victim had red marks on her neck and a scratch mark on her chin.

B.   *Defendant's Criminal History*

Defendant does not have any prior felony convictions. On August 23, 2003, defendant was convicted of a misdemeanor violation of section 273.5 subdivision (a). For that conviction, defendant was sentenced to 36 months of probation, 13 days in jail, and a fine. Defendant was charged in 2019 with misdemeanor domestic violence against a different victim in case No. MSB19012177. Case No. MSB19012177 was dismissed as part of the plea bargain reached case No. FSB2200431.

7

A trial court's exercise of its discretion in imposing sentence is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 (*Sandoval*), superseded by statute on another point as stated in *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1132.) A trial court abuses its discretion "whenever the court exceeds the bounds of reason, all of the circumstances being considered." (*People v. Giminez* (1975) 14 Cal.3d.68, 72.) A " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978 (*Alvarez*).) The trial court's decision will be disturbed only if there is a clear showing the sentence was arbitrary or capricious. (*Sandoval*, at p. 847.) The burden is on the party attacking the sentence to clearly show the sentence was arbitrary or capricious. (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).)

A trial court's decision to grant or deny probation is discretionary. (*People v. Shenouda* (2015) 240 Cal.App.4th 358, 368-369.) "Probation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]" (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123.) "Section 1203.2, subdivision (a), authorizes a court to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation." (*Urke*, *supra*, 197 Cal.App.4th at p. 772.) "Many times circumstances not warranting a conviction may

fully justify a court in revoking probation granted on a prior offense. [Citation.]" (*People v. Vanella* (1968) 265 Cal.App.2d 463, 469.) A defendant's demonstrated lack of commitment to carrying out the terms and conditions of probation coupled with the need to protect public safety is an appropriate basis on which to refuse to reinstate probation and sentence a defendant to prison. (*People v. Downey* (2000) 82 Cal.App.4th 899, 910 [second violation of probation].) "When the record reveals that a defendant's violation of the terms of probation was the result of irresponsible or willful behavior, termination of probation and imposition of a prison sentence is no abuse of discretion." (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278 (*Kingston*).)

A trial court abuses its discretion if it considers improper factors in imposing a sentence. (*Sandoval*, *supra*, 41 Cal.4th at p. 847.) Improper considerations include reliance on factors not relevant to sentencing objectives. (*People v. Bolton* (1979) 23 Cal.3d. 208, 216-217 [trial court abused its discretion in basing its sentence, in part, on defendant's children receiving welfare benefits and being born out of wedlock]; see *People v. Morales* (1967) 252 Cal.App.2d 537, 545-546 [trial court abused its discretion in imposing consecutive sentencing after defendant did not plead guilty and presented a "frivolous" defense at trial].) It is also improper for the trial court to consider the underlying facts of dismissed charges. (*People v. Gutierrez* (1980) 109 Cal.App.3d 230, 232-233.)

In making a sentencing decision, the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing

9

decision. (Cal. Rules of Court, rule 4.420.) "The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Cal. Rules of Court, rule 4.420(d).)

California Rules of Court, rule 4.421, enumerates factors in aggravation the trial court may consider. One such factor is whether the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. (Cal. Rules of Court, rule 4.421(a)(1).) Another factor is the defendant's prior performance on probation, mandatory supervision, post release community supervision, or parole was unsatisfactory. (Cal. Rules of Court, rule 4.421(b)(5).) California Rules of Court, rule 4.423, enumerates factors in mitigation the trial court may consider.

Here, after defendant's second probation violation in the first six months of his probationary period, the trial court denied defendant's request to be reinstated on probation and imposed a prison sentence. The first violation involved both a new law violation and probation term violation. Defendant pled no contest to violating a domestic violence restraining order (§ 273.6, subd. (a)) and a misdemeanor charge of trespass (§ 602.5, subd. (a).) These violations occurred approximately 40 days after defendant began his probation term.

At the hearing, the trial court warned defendant he was to have no contact with the victim, even if she reached out to him. The trial court extensively admonished[3] defendant. Despite the new law violation and probation term violation, the trial court reinstated defendant on probation. In reinstating defendant's probation, the trial court modified defendant's terms. Specifically, the trial court followed the probation officer's recommendation to modify the probation terms to include continuous GPS monitoring, thus allowing probation to monitor whether defendant returned to the victim's home. At the conclusion of the hearing, defendant accepted the modified terms of his probation.

Approximately three months after defendant was reinstated on probation, his probation officer filed another petition to violate defendant's probation. This petition alleges defendant violated three terms of probation: (1) defendant did not cooperate with the probation officer in a plan of rehabilitation and follow all reasonable directives of the probation officer; (2) defendant had contact with the victim; and (3) Defendant failed to submit to continuous electronic monitoring.

Defendant characterizes the probation violations as minor in nature. Such a characterization might be appropriate if the issue before the trial court were one instance where the GPS device battery died. Defendant allowing the GPS device's battery to die 14 times in three months is significant. It is particularly significant because the GPS device was added to defendant's probation terms as a tool to monitor whether he was

---

[3] The exact language used during the admonishment is unknown as the transcript from the July 15, 2022 probation revocation hearing is not part of the record on appeal. However, the omission of this transcript did not hinder this court from conducting the appropriate analysis.

abiding by the order to have no contact with the victim. During his testimony at the probation revocation hearing, defendant provided varying explanations for the GPS device battery dying. Defendant stated the long commute to his job hampered his ability to charge the GPS device. Defendant opined the sun, "overworking" the device, or charging it too much may have caused the device's battery to die. Defendant also testified that he was having problems with the device charging. On cross-examination, defendant opined dust or damage from being knocked around on the construction site may have caused the GPS device's battery to die.

Defendant's probation officer testified that these issues, apart from the commute, were not brought to his attention. When defendant's probation officer discussed the issues with him at the time of the dead battery notice, defendant simply stated he was working and apologized. If defendant truly experienced valid problems with the GPS device, it was his responsibility to bring that to the attention of his probation officer. His failure to do so suggests a lack of responsibility and initiative. Defendant allowing the device's battery to die 14 times in three months was willful and irresponsible behavior. Such behavior constitutes an appropriate basis for the trial court to refuse to reinstate probation and impose a prison sentence. (*Kingston*, *supra*, 41 Cal.App.5th at p. 278.)

Defendant argues the trial court's failure to find that he violated the probation term forbidding him from contacting the victim acts as an acknowledgment that defendant did not violate the protective order. However, by defendant's own admission, he answered the victim's calls, despite being explicitly advised by the trial court against doing so.

12

Defendant's probation officer also directed him to not have any contact with the victim. Defendant did not follow his probation officer's directive. Defendant relies on the victim requesting the protective order be terminated as support for defendant's repeated violation of the no contact order. However, probation terms govern the behavior of the defendant, not that of the victim. Defendant is capable of not answering the victim's calls and his repeated decision to do so is a willful violation of his probation officer's directives.

Defendant argues he was "fulfilling all of his obligations." In support of this argument, defendant points out that he maintained gainful employment, attended the batterer's treatment classes, and spent his weekends in jail. While those efforts are laudable, they do not fulfill all of defendant's obligations. Defendant consistently failed to keep his GPS monitor charged as directed, failed to submit to continuous electronic monitoring, and failed to follow his probation officer's directive to have no contact with the victim. Thus, defendant did not comply with all terms of his probation as required.

Defendant also alleges the trial court failed to consider several mitigating factors. Specifically, defendant alleges the trial court failed to consider that defendant maintained gainful employment, attended the batterer's treatment classes, and spent his weekends in jail. However, the record shows defendant's trial counsel argued each of these issues to the trial court in mitigation. Following this argument, the trial court explicitly indicates it considered factors in mitigation and aggravation, ultimately determining the middle term was appropriate.

Defendant's characterization of the violations as minor demonstrates the difference of opinion contemplated in *Alvarez*. (*Alvarez*, *supra*, 14 Cal.4th at p. 977 [distinguishing abuse of discretion from reasonable minds differing in opinion].) Defendant and the trial court may disagree about the gravity of the violations and the quality of defendant's performance on probation. However, a difference of opinion does not make the trial court's decision arbitrary or capricious.

The burden rests on defendant to show the trial court's decision was arbitrary or capricious. (*Carmony*, *supra*, 33 Cal.4th at p. 376.) Defendant has failed to meet his burden. The record is devoid of evidence the trial court considered improper factors in making its decision. The record shows the trial court considered the nature of the criminal conduct, defendant's prior performance on probation, and the allegations underlying the petition to revoke defendant's probation. These are proper considerations for sentencing. (Cal. Rules of Court, rules 4.420 & 4.421.) Thus, the trial court's decision was neither arbitrary, nor capricious. Based on these considerations, the trial court found defendant in violation of his probation, denied defendant's request for reinstatement on probation, and imposed the middle term of three years. As such, the trial court did not abuse its discretion in denying defendant's request for reinstatement on probation and imposing a prison sentence.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.


We concur:


MILLER
J.


CODRINGTON
J.

15