Filed 2/7/24  P. v. Tapia CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALISHA NICOLE TAPIA,<br><br>    Defendant and Appellant. | B325459<br><br>(Los Angeles County<br>Super. Ct. No. YA099077-03) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Altus W. Hudson, Judge.  Vacated and remanded with directions.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2019, Alisha Tapia was convicted of first degree burglary (Pen. Code, § 459) and related minor offenses.[1] In that proceeding she admitted she had suffered six prior convictions for residential burglary alleged under the Three Strikes law and section 667, subdivision (a). The trial court sentenced her to 25 years to life in prison, plus two 5-year enhancement terms pursuant to section 667, subdivision (a).

Appellant appealed and we vacated the true findings on the prior conviction allegations and remanded for resentencing. The trial court resentenced appellant to the upper term of six years for the burglary conviction, doubled to 12 years pursuant to the Three Strikes law.[2] Appellant now appeals the new sentence, contending the trial court erroneously imposed the upper term based on impermissible factors that were neither admitted by her nor found true by a jury or the court. She also contends, and respondent agrees, that the trial court erred in failing to stay the sentence for her conviction of possession of burglary tools pursuant to section 654.

---

[1]    Undesignated statutory references are to the Penal Code. Appellant was also convicted of attempted first degree burglary (§§ 664/459), vandalism (§ 594, subd. (a)), and possession of burglary tools (§ 466).

[2]    The trial court stayed sentence on the attempted burglary conviction and imposed concurrent terms of three years for the vandalism conviction and 180 days for possession of burglary tools.

The trial court identified two factors in support of the upper term sentence. We hold that one of the factors was improper and no evidence supports the second factor. We cannot find the error harmless and so vacate the sentence and remand for resentencing, with additional instructions to stay the sentence for possession of burglary tools.

## BACKGROUND

In a bifurcated proceeding held three months after she was convicted of the offenses against her, appellant admitted she had suffered six prior convictions. On appeal, she contended these admissions were not voluntary and intelligent. We agreed and vacated the true findings related to those admissions. (*People v. Tapia* (Sept. 5, 2021, B305572) [nonpub. opn.].)

After remand but before the resentencing hearing was held, Senate Bill No. 567 (2021–2022 Reg. Sess.) became effective. It amended section 1170 to require a court to impose the middle term unless one or more aggravating factors were admitted by the defendant or found true beyond a reasonable doubt by a jury or the court. (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.)

At her August 18, 2022, resentencing hearing, appellant admitted only two prior convictions, both of which were strikes. The trial court dismissed appellant's 2007 strike conviction and used the 2013 admitted strike conviction to double her sentence.

Effectively, then, the only issue for resentencing was whether to impose the middle or the upper term. The trial court chose the high term, because "Ms. Tapia is not a novice to the criminal justice system and certainly she has an obligation to not only the larger community but the victims at hand. For those reasons the court will sentence to the high term of 6 years times 2 for 12 years."

# DISCUSSION

Tapia contends, and respondent agrees, that a trial court may only impose the upper term based on recognized aggravating factors. (See § 1170, subd. (b)(2); Cal. Rule of Court, rule 4.421.) Tapia contends that not being a "novice" or having an "obligation" to the community and the victim are not recognized aggravating factors, and that the trial court failed to comply with the requirements of section 1170, subdivision (b)(2) which requires that facts underlying any aggravating factors must be "stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Respondent counters that the trial court's comments were referring to appellant's criminal history, which is a recognized factor.

Preliminarily, respondent also contends that we need not consider the meaning of the trial court's comments or its non-compliance with amended section 1170 because Tapia forfeited her claim by failing to raise it in the trial court. Tapia contends the claim is cognizable on appeal without an objection because her sentence is unauthorized. (See *People v. Scott* (1994) 9 Cal.4th 331, 354.) We agree with her.

Turning to the merits of Tapia's challenge, section 1170, subdivision (b)(2) provides: "The court may impose a sentence exceeding the middle term *only* when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term *and* the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), italics added.) We agree with respondent that the

4

reference to not being a novice is clearly a reference to appellant's criminal history, which is a recognized aggravating factor. (See Cal. Rules of Court, rule 4.421(b)(2) ["The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness."].)

However, the reference to "obligation" does not correspond to any recognized aggravating factor, and it is not clear what the trial court meant by this reference. We need not decide whether respondent is correct that the trial court's reference to Tapia's obligation is a reference to her criminal history. As we explain, we would reach the same result whether or not the "obligation" comment was a reference to appellant's criminal history or was an improper aggravating factor.

As the parties acknowledge, there is a split of authority concerning the correct standard of review for error in imposing the upper term, and the California Supreme Court has granted review to resolve this split. (*People v. Lynch* (May 27, 2022, C094174), review granted August 10, 2022, S274942.) Appellant urges us to follow the analysis set forth in *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*), while respondent contends we should follow the approach in *People v. Dunn* (2022) 81 Cal.App.5th 394, review granted October 12, 2022, S275655 (*Dunn*).

The difference between the two standards is not implicated in this appeal. Under *Lopez*, a reviewing court must determine whether "beyond a reasonable doubt . . . a jury would have found true beyond a reasonable doubt *every factor on which the court relied.*" (*Lopez, supra,* 78 Cal.App.5th at p. 466.) Under *Dunn*, this standard must be met for only one aggravating factor, that is, the reviewing court must determine "beyond a reasonable

doubt whether the jury would have found one aggravating circumstance true beyond a reasonable doubt." (*Dunn, supra,* 81 Cal.App.5th at pp. 409–410, rev. granted.) The reviewing court would then apply a lower standard to any additional aggravating factors. (*Id.* at p. 410.) Since there is only one potentially proper aggravating factor in this case included in California Rules of Court, rule 4.421's list of factors (Tapia's prior criminal history), this lower standard does not come into play.[3]

Respondent contends a jury "unquestionably" would have found true the circumstance that appellant had numerous convictions, because appellant admitted two prior convictions before being resentenced and the record shows she had five additional burglary convictions. To the extent that respondent contends the two admitted convictions are "numerous" within the meaning of California Rules of Court, rule 4.421(b)(2), respondent has not cited nor are we aware of any published authority so holding. At least one case has stated that two convictions are not "numerous." (*People v.* Berry (1981) 117 Cal.App.3d 184, 191.) Three would appear to be the bare minimum. (See *People v. Black* (2007) 41 Cal.4th 799, 818, citing with approval *People v.*

---

[3] As we explain below, it is not clear beyond a reasonable doubt that the jury would have found the only proper aggravating factor true. Taking the trial court's reference to "obligation" literally, a defendant's obligation to the victim or community is not a recognized aggravating factor. Thus, even if we were to determine that the jury would have found an "obligation" factor allegation true (under wither the *Dunn* or *Lopez* standard), we would still have to vacate appellant's sentence, because there would be no true finding on a recognized aggravating factor.

*Searle* (1989) 213 Cal.App.3d 1091, 1098 [three convictions are "numerous"].)

As for the additional, unadmitted convictions, the record to which respondent refers is the probation report and our prior appellate opinion. While the probation report is part of the record of conviction, it is not a certified record of conviction within the meaning of section 1170, subdivision (b)(3). (See *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1114.)

As for our prior opinion, we do not view it as establishing that a jury would "unquestionably" have found true an allegation that Tapia had numerous prior convictions. In the portion of the opinion cited by respondent, we found that appellant admitted six convictions in a bifurcated proceeding. Later in the opinion, we found the admissions were not voluntary and intelligent and vacated the true findings based on those admissions. We do not see how our opinion assists respondent in any way.

As to the other four alleged but not admitted convictions, the record on appeal shows that on remand for resentencing, the prosecutor referred to appellant's prior convictions but did not offer certified records of the prior convictions (or any other proof). This certainly raises a doubt as to whether such evidence exists, given that the resentencing hearing took place after the effective date of the relevant amendments to section 1170 which requires proof of prior convictions. Without more, we cannot say a jury would have found true the aggravating circumstance of numerous convictions beyond a reasonable doubt.

Tapia's second contention is that the trial court should have stayed the sentence for possession of burglary tools instead of running it concurrent with the sentence on the burglary conviction. Respondent agrees, as do we. (*People v. Correa*

(2012) 54 Cal.4th 331, 337; *People v. Alford* (2010)
180 Cal.App.4th 1463, 1472–1473.)

## DISPOSITION

We vacate appellant's sentence and remand for a new
sentencing hearing.  Appellant's sentence for possession of
burglary tools must be stayed pursuant to section 654 as part of
her new sentence.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



STRATTON, P. J.


We concur:



GRIMES, J.



WILEY, J.